# In the United States Court of Federal Claims

No. 19-953
Filed: October 30, 2019

|  |  |
|---|---|
| QUANCIDINE HINSON-GRIBBLE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

Plaintiff, Quancidine Hinson-Gribble, proceeding *pro se*, filed a complaint with this Court seeking relief of ten million dollars in allegedly unpaid surviving military spouse benefits. Complaint (hereinafter "Compl.") at 1. On August 30, 2019, the government filed its Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See generally*, Defendant's Motion to Dismiss. For the reasons set forth below, the government's Motion to Dismiss is granted.

**I.   Background**

On July 1, 2019, plaintiff filed a complaint with this Court, in which she alleges that, as her husband's "surviving spouse," she is entitled to spousal support benefits from the United States Department of Veterans Affairs ("VA") for which she previously applied and was denied. Compl. at 1. In a letter dated September 13, 2017, the VA informed Ms. Hinson-Gribble that it denied her benefits because records indicated that she and the veteran were divorced, and thus, she was ineligible to "be considered the spouse of the Veteran." Plaintiff's Exhibit 1 (hereinafter "Ex. 1") at 2. In response, Ms. Hinson-Gribble filed this Complaint, seeking ten million dollars in "punitive damages" due to "unspeakable financial hardships." *Id.* at 3. Plaintiff further alleges that an officer of the VA is withholding her benefits and instead is embezzling the money for herself. *Id.* at Ex. 1 at 2.

**II.   Standard of Review**

This Court's jurisdiction is primarily defined by the Tucker Act, which waives sovereign immunity of the United States for claims—not sounding in tort—that are founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1). The Tucker Act is merely a

jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

In determining whether subject-matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed.Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Discussion

This Court does not possess jurisdiction over veterans' benefits claims. *See Hickman v. United States*, 122 Fed. Cl. 645, 650, *aff'd*, 629 F. App'x 988 (Fed. Cir. 2015); *see also Trevino v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 Fed. App'x 995 (Fed. Cir. 2014). A denial of claims is appealable to the Board of Veterans Appeals and, subsequently, to the United States Court of Appeals for Veterans Claims. *Hickman*, 122 Fed. Cl. at 650 (citing 38 U.S.C. § 7104(a), 38 U.S.C. § 7252(a), and 38 U.S.C. § 7292(c)). Ms. Hinson-Gribble's initial complaint alleges an improper denial of an application for veterans' benefits, thus this Court lacks the necessary jurisdiction to hear this claim.

Additionally, this Court can only hear suits against the United States and must dismiss "any claims based upon alleged wrongdoing by private actors" or claims that seek "damages from the government based on alleged violations of criminal law," pursuant to RCFC 12(b)(1). *Capelouto v. United States*, 99 Fed. Cl. 682, 688-689 (2011). Therefore, this Court lacks the necessary jurisdiction to hear Ms. Hinson-Gribble's claim based on a conspiracy to defraud her of benefits, and such a claim must be dismissed.

Finally, plaintiff's claim attempts to invoke the Military Pay Act. Compl. at 1. Although this Court has jurisdiction over the Military Pay Act, the alleged facts do not invoke that jurisdiction. *See e.g.*, *Wright v. United States*, 81 Fed. Cl. 369, 373 (2008) ("In order to recover under the constructive service doctrine, plaintiff must prove that he was 'improperly separated from service."). Ms. Hinson-Gribble does not allege, and the record does not indicate, that she is or ever was an active duty member of the military or "improperly separated from service." *See e.g. Id.* (citing *Christian v. United States*, 337 F.3d 1338, 1347 (Fed. Cir. 2004)). Plaintiff's statement that this is a military pay case is insufficient to invoke this Court's jurisdiction. Therefore, Ms. Hinson-Gribble's complaint must be dismissed for failure to state a claim.

## IV. Conclusion

Accordingly, the government's Motion to Dismiss is hereby **GRANTED**. The Clerk of the Court is directed to dismiss the complaint without prejudice, pursuant to RCFC 12(b)(1) and RCFC 12(b)(6).

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge